IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TOMMY FORD, #111 562 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-203-MEF |
| | | (WO) |
| RICHARD ALLEN, *et al.*, | * | |
| Defendant. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 9, 2007 the court granted Plaintiff twenty-one days to forward to the Clerk an initial partial filing fee in the amount of $9.67. (Doc. No. 3.) Plaintiff was cautioned that his failure to comply with the March 9 order would result in a Recommendation that his complaint be dismissed. (*Id.*)

On April 2, 2007 the court granted Plaintiff an extension to and including April 18, 2007 to comply with the court's order that he submit an initial partial filing fee. As of April 25, 2007 Plaintiff had still not submitted the initial partial filing fee as ordered by the court. Accordingly, the court entered an order on April 25, 2007 directing Plaintiff to show cause why his case should not be dismissed for his failure to pay the initial partial filing fee in compliance with the court's March 9, 2007 order. (Doc. No. 6.) The order advised Plaintiff to inform the court whether he authorized prison officials to withdraw the funds from his

prison account for payment of the initial partial filing fee, whether he was unable to comply at this time with the March 9 order, or whether he simply had chosen not to submit the filing fee. (*Id.*)

The requisite time has passed and Plaintiff has not provided the court with the initial partial filing fee nor has he responded to the court's April 25, 2007 order to show cause. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the orders of the court and prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of this court and prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 29, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of May 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE